(Ryu)

HOWARD TRAPP INCORPORATED
200 Saylor Building
139 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone (671) 477-7000

Attorney for defendant

FILED
DISTRICT COURT OF GUAM
JAN 1 0 2006
MARY L.M. MORAN
CLERK OF COURT

## DISTRICT COURT OF GUAM

------------

| | |
|---|---|
| UNITED STATES OF AMERICA, ( | Criminal Case No 04-00008 |
| ) | |
| Plaintiff, ( | **REQUEST FOR JURY** |
| ) | **INSTRUCTIONS** |
| vs. ( | |
| ) | |
| KUANG-HUA CHEN, ( | |
| ) | |
| Defendant. ( | |

------------

Defendant respectfully requests that the Court instruct the jury on the law as set forth in the jury instructions hereto annexed.

Dated, Hagåtña, Guam,

January 10, 2006.

HOWARD TRAPP
For HOWARD TRAPP INCORPORATED
Attorney for defendant

(DOCUMENTS/JuryInst.KChen)

ORIGINAL

## CONSPIRACY — ELEMENTS

### (COUNT I)

The defendant is charged in Count I of the indictment with conspiring to import into the United States from a place outside thereof over 2,800 grams, net weight, of N, N-dimethylamphetamine hydrochloride, a schedule I controlled substance, in violation of Sections 952(a), 960(a)(1), and 963 of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about January 3, 2003, and ending on or about September 7, 2003, there was an agreement between two or more persons to commit at least one crime as charged in Count I of the indictment; and

Second, the defendant became a member of the conspiracy, knowing of at least one of its objects, and intending to help accomplish it.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something

2

unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy, with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

3

(Ninth Circuit Committee on Model Jury Instructions, **Manual of Model Criminal Jury Instructions for the Ninth Circuit** Instructions 8.16 (Feb. 2005), 9.27 (Oct. 2000).)

INSTRUCTION NO. 2

## CONTROLLED SUBSTANCE — UNLAWFUL IMPORTATION

### (COUNT II)

The defendant is charged in Count II of the indictment with unlawful importation of over 2,800 grams, net weight, of N, N-dimethylamphetamine hydrochloride, a schedule I controlled substance, in violation of Sections 952(a) and 960 of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly brought over 2,800 grams, net weight, of N, N-dimethylamphetamine hydrochloride, a schedule I controlled substance, into the United States; and

Second, the defendant knew that it was N, N-dimethyamphetamine hydrochloride, a schedule I controlled substance, or some other prohibited drug.

(Ninth Circuit Committee on Model Jury Instructions, Manual of Model Criminal Jury Instructions for the Ninth Circuit Instruction 9.27 (October 2000).)

5

INSTRUCTION NO. 3

## CONSPIRACY — ELEMENTS

### (COUNT III)

The defendant is charged in Count III of the indictment with conspiring to distribute over 2,800 grams, net weight, of N, N-dimethylamphetamine hydrochloride, a schedule I controlled substance, in violation of Sections 841(a) and 846 of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about January 3, 2003, and ending on or about September 7, 2003, there was an agreement between two or more persons to commit at least one crime as charged in Count III of the indictment; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was

6

committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy, with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

(Ninth Circuit Committee on Model Jury Instructions,

7

**Manual of Model Criminal Jury Instructions for the Ninth Circuit**

**Instruction 9.15 (February 2003).)**

INSTRUCTION NO. 4

CONTROLLED SUBSTANCE — DISTRIBUTION

(FOURTH COUNT: "COUNT VI")

The fourth count of the indictment is called "Count VI." The defendant is charged therein with distribution of over 729 grams, net weight, of N, N-dimethylamphetamine hydrochloride, a schedule I controlled substance, in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly delivered over 729 grams, net weight, of N, N-dimethylamphetamine hydrochloride, a schedule I controlled substance; and

Second, the defendant knew that it was N, N-dimethylamphetamine hydrochloride, a schedule I controlled substance, or some other prohibited drug.

(Ninth Circuit Committee on Model Jury Instructions, Manual of Model Criminal Jury Instructions for the Ninth Circuit Instruction 9.15 (February 2003).)

9

## INSTRUCTION NO. 5

### ATTEMPT

### (COUNT V)

The defendant is charged in Count V of the indictment with attempted distribution of over 2,800 grams, net weight, of methamphetamine hydrochloride, a schedule II controlled substance, in violation of Sections 841(a)(1), 841(b), and 846 of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to deliver over 2,800 grams, net weight, of methamphetamine hydrochloride, a schedule II controlled substance, to another person; and

Second, the defendant knew that it was methamphetamine hydrochloride, a schedule II controlled substance, or some other prohibited drug; and

Third, the defendant did something that was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step.

Mere preparation is not a substantial step toward the commission of the crime of distribution of over 2,800 grams, net weight, of methamphetamine hydrochloride, a schedule II controlled substance.

10

(Ninth Circuit Committee on Model Jury Instructions, **Manual of Model Criminal Jury Instructions for the Ninth Circuit** Instruction 9.16 (February 2003).)

## INSTRUCTION NO. 6

### JURY TO BE GUIDED BY OFFICIAL ENGLISH

### TRANSLATION/INTERPRETATION

Languages other than English may be used during this trial.

The evidence you are to consider is only that provided through the official court interpreters. Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English interpretation. You must disregard any different meaning of the non-English words.

(Ninth Circuit Committee on Model Jury Instructions, Manual of Model Criminal Jury Instructions for the Ninth Circuit Instruction 1.13 (2000).)

## INSTRUCTION NO. 7

### TRANSCRIPT OF RECORDING IN FOREIGN LANGUAGE

You are about to listen to a recording in a language other than English. Each of you has been given a transcript of the recording which has been admitted into evidence. The transcript is a translation of the foreign language tape recording.

Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation contained in the transcript and disregard any different meaning of the non-English words.

(Ninth Circuit Committee on Model Jury Instructions, Manual of Model Criminal Jury Instructions for the Ninth Circuit Instruction 2.8 (2000).)

13

## INSTRUCTION NO. 8

### DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

(Ninth Circuit Committee on Model Jury Instructions, Manual of Model Criminal Jury Instructions for the Ninth Circuit Instruction 3.1 (2000).)

14

## INSTRUCTION NO. 9

### CHARGE AGAINST DEFENDANT NOT EVIDENCE — PRESUMPTION OF
### INNOCENCE — BURDEN OF PROOF

The indictment is not evidence. The defendant has pleaded not guilty to the charge. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

(Ninth Circuit Committee on Model Jury Instructions, Manual of Model Criminal Jury Instructions for the Ninth Circuit Instruction 3.2 (2000).)

## INSTRUCTION NO. 10

### REASONABLE DOUBT — DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence or from lack of evidence.

If after a careful and impartial consideration of all the evidence you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

(Ninth Circuit Committee on Model Jury Instructions, Manual of Model Criminal Jury Instructions for the Ninth Circuit Instruction 3.5 (2000).)

**16**

# INSTRUCTION NO. 11

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see or hear or know the things testified to;

2. The witness's memory;

3. The witness's manner while testifying;

4. The witness's interest in the outcome of the case and any bias or prejudice;

5. Whether other evidence contradicted the witness's testimony;

6. The reasonableness of the witness's testimony in light of all the evidence; and

7. Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

(Ninth Circuit Committee on Model Jury Instructions, **Manual of Model Criminal Jury Instructions for the Ninth Circuit**

17

**Instruction 3.9 (2000).)**

INSTRUCTION NO. 12

## ACTIVITIES NOT CHARGED

The defendant is on trial only for the crimes charged in the indictment, not for any other activities.

(Ninth Circuit Committee on Model Jury Instructions, <u>Manual of Model Criminal Jury Instructions for the Ninth Circuit</u> Instruction 3.11 (2000).)

## INSTRUCTION NO. 13

## SEPARATE CONSIDERATION OF MULTIPLE COUNTS

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

(Ninth Circuit Committee on Model Jury Instructions, Manual of Model Criminal Jury Instructions for the Ninth Circuit Instruction 3.12 (2000).)

## INSTRUCTION NO. 14

### JURY TO BE GUIDED BY OFFICIAL ENGLISH

### TRANSLATION/INTERPRETATION

Languages other than English have been used during this trial.

The evidence you are to consider is only that provided through the official court interpreters. Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English interpretation. You must disregard any different meaning of the non-English words.

(Ninth Circuit Committee on Model Jury Instructions, Manual of Model Criminal Jury Instructions for the Ninth Circuit Instruction 3.20 (2000).)

## INSTRUCTION NO. 15

## TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES —

## IMMUNITY, BENEFITS, ACCOMPLICE, PLEA

You have heard testimony from [witness], a witness who

[received immunity. That testimony was given in exchange for a promise by the government that [the witness will not be prosecuted] [the testimony will not be used in any case against the witness];

[received benefits] [compensation] [favored treatment] from the government in connection with this case];

[[admitted being] [was alleged to be] an accomplice to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime];

[pleaded guilty to a crime arising out of the same events for which the defendant is on trial. This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability].

For [this] [these] reason[s], in evaluating [witness's] testimony, you should consider the extent to which or whether [witness's] testimony may have been influenced by [this] [any of these] factor[s]. In addition, you should examine [witness's] testimony with greater caution than that of other witnesses.

(Ninth Circuit Committee on Model Jury Instructions,

22

**Manual of Model Criminal Jury Instructions for the Ninth Circuit**

**Instruction 4.9 (June 2005).)**

## INSTRUCTION NO. 16

### MERE PRESENCE

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime, unless you find that the defendant was a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

(Ninth Circuit Committee on Model Jury Instructions, <u>Manual of Model Criminal Jury Instructions for the Ninth Circuit</u> Instruction 6.9 (2000).)

## DECLARATION OF SERVICE

I, Reina Y. Urbien, declare that I am an administrative assistant employed in the office of Howard Trapp Incorporated, Howard Trapp, Esq., the attorney for defendant herein, and that on January 10, 2006, I served the document to which this declaration is annexed on Marivic P. David, Esq., Assistant United States Attorney, the attorney for plaintiff herein, by leaving a copy at her office at Office of the United States Attorney for Guam and the Northern Mariana Islands, Suite 500, Sirena Plaza, 108 Hernan Cortez Avenue, Hagåtña, Guam, her last known address, with a person in charge thereof.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 10, 2006, at Hagåtña, Guam.

_____
REINA Y. URBIEN