LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortes Avenue
Hågåtña, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

**FILED**
DISTRICT COURT OF GUAM

JAN 12 2006

MARY L.M. MORAN
CLERK OF COURT

Attorneys for United States of America

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 04-00008 |
| Plaintiff, | **UNITED STATES' MOTION FOR DISQUALIFICATION OF DEFENSE COUNSEL** |
| KUANG-HUA CHEN, | |
| Defendant. | |

The United States of America, through counsel, moves this Court for a hearing to

determine whether, under the principles of Wheat v. United States, 486 U.S. 153 (1988),

Howard Trapp, Esq. has an inherent conflict of interest regarding his representation of defendant

KUANG-HUA CHEN and, if so, whether such conflict may be properly cured by a waiver.

The United States bases its motion on the following concerns: Howard Trapp of Howard

Trapp Incorporated represents defendant in this matter. The government intends to call Peter

Weay Jung Shih as a material witness at trial. Mr. Shih provided recorded conversations during

part of an undercover controlled delivery and purchase of drugs in the government's investigation

of the case. Mr. Shih was previously represented by counsel in the District Court of Guam,

Criminal Case No. 99-00110 See Exhibits A (amended judgment), B (plea agreement), and C

(indictment).

The government has notified defense counsel that it believes the Court must be alerted to

an actual conflict of interest that arises out of such prior representation of a former client. The

1  government is not attempting in bad faith to preclude a defendant from having particularly able

2  counsel. The government wishes to establish a record and allow the Court to assess whether or

3  not a conflict of interest exists that could properly be cured by waiver.

4      There is no absolute right to counsel of choice. At issue are two Sixth Amendment

5  rights: (1) the qualified right to counsel of one's choice; and (2) the right to be represented by

6  counsel free of conflicts of interest. Wheat, 486 U.S. at 157. The "essential aim of the [Sixth]

7  Amendment is to guarantee an effective advocate" rather than to ensure that a defendant will be

8  represented by his preferred attorney. Id. at 159. The "effective assistance of counsel"

9  guaranteed by the Sixth Amendment necessarily includes a requirement that the attorney's

10  loyalties be undivided and free from any conflicts of interest. Because of the difficulties in

11  reconciling these competing interests, the district court is given substantial latitude in refusing

12  waivers of conflicts of interest. Id. at 163. The Supreme Court held in Wheat that a district court

13  may override a defendant's waiver of his attorney's conflict of interest when there is a showing

14  of actual conflict or a showing of a serious potential for conflict. Id. at 164; see United States v.

15  Cronic, 466 U.S. 648, 657 n.21 (1984)(Sixth Amendment inquiry properly focused on adversarial

16  process rather than relationship between defendant and lawyer).

17      Where representation of different clients is successive, as present here, a conflict may

18  arise if the current and former cases are substantially related, if the attorney reveals privileged

19  communications of the former client, or if the attorney otherwise divides his loyalties. Mannhalt

20  v. Reed, 847 F.2d 576, 579-80 (9th Cir. 1988). Such successive representation poses a conflict

21  because an attorney faces the dual risks of improperly using privileged communications from the

22  previous representation or, by protecting those communications, failing effectively to examine

23  the witness as his present client's interest required.

24      It is extremely difficult for an attorney to fulfill his ethical duties when faced with the

25  potential of having to forego zealous advocacy to protect client confidences, or conversely, of

26  having to forego client confidences to pursue zealous advocacy. For example, to protect client

27

28  - 2 -

confidences, the attorney may be prevented from conducting meaningful and effective cross-examination, as the privileged confidences of one defendant cannot be used to advance the other defendant's interests. Wheat, 486 U.S. at 156. "To limit cross-examination of the former client to matters in the public record may prejudice the defendant if more searching inquiries are necessary for complete evaluation of the testimony against the defendant." United States v. Falzone, 766 F.Supp. 1265, 1271 (W.D.New York 1991).

Thus, to effectively represent defendant, counsel would be obligated to zealously examine or impeach the subject witness if he was called as a witness, even to the point of trying to prove that a former client is a liar. See Thomas v. Municipal Court of Antelope Valley Judicial District, 878 F.2d 285, 288-90 (9th Cir. 1989) (counsel suffered impermissible conflict of interest, even in successive representation situation, where he had to cross-examine former client, but agreed to limit his cross-examination to lessen the adverse effect of any potential conflict). Further, "[if] there is a reasonable probability that confidences were disclosed which could be used against the former client in the later adverse representation, ... a substantial relationship between the two cases will be presumed." Id.

In Wheat, the Supreme Court emphasized that the Sixth Amendment right to counsel has more to do with ensuring the fairness and integrity of the adversarial process generally than with vindicating a defendant's desire to have the particular lawyer that he most wants. 486 U.S. at 159-60. A waiver, signed at a time when a defendant judges remote the possibility of an actual conflict inimical to his interest, is no guarantee that he will not reevaluate at a later date whether there was a deprivation of effective assistance of counsel because his counsel's advocacy was impaired as a result of a conflict. The trial court may disqualify counsel when "a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses." Id. at 163. Here, the government has reason to believe that an actual conflict of interest exists.

//

//

- 3 -

1    This motion is in no way intended to impugn the integrity of counsel, but rather is

2  advanced in an abundance of caution so that the instant matter is better explored now.

3        RESPECTFULLY submitted this *12th* day of January 2006.

4                                    LEONARDO M. RAPADAS
                                     United States Attorney
5                                    Districts of Guam and NMI

6

7                          By: _____

8                                    MARIVIC P. DAVID
                                     Assistant U.S. Attorney

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    - 4 -

(NOTE: Identify Changes with Asterisks(*))

# United States District Court
## District of Guam

**U.S.A.**

RECEIVED
U.S. ATTORNEY'S OFFICE
DISTRICT OF GUAM

vs.

2001 DEC 17 PM 3: 18

**SHIH, PETER WEAY JUNG**

## AMENDED JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number:   **99-00110 -001**

**TRAPP, HOWARD**
Defendant's Attorney

**Date of Original Judgment:** 08/28/01
(or Date of Last Amended Judgment)

**Reason for Amendment:** Modification of Supervision Conditions (18 U.S.C. § 3563(c) or 3583(e))

### THE DEFENDANT:

[✓] pleaded guilty to count(s)   **1, 2, 3**

[ ] plead nolo contendere to count(s)
which was accepted by the court.

[ ] was found guilty on count(s)
after a plea of not guilty.

**FILED**
DISTRICT COURT OF GUAM

DEC 1 7 2001

MARY L.M. MORAN
CLERK OF COURT

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 8 USC 1324(a)(2)(B)(ii) | ALIEN SMUGGLING | 08/23/99 | 1, 2, 3 |

The defendant is sentenced as provided in pages 2 through _____ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s)

[ ] Count(s)                                      (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:   **586628548**

Defendant's Date of Birth:   **05/03/60**

Defendant's USM No.:   **01913093**

Defendant's Residence Address:

**21 Petmanente Court**

**Hyundai Subdivision**

**Toto, Guam**

Defendant's Mailing Address:

**P.O. Box 7865**

**Tamuning, Guam   96931**

**12/07/01**
_____
Date of Imposition of Judgment

_____
Signature of Judicial Officer

**John S. Unpingco**

**U.S. District Court Judge**
_____
Name and Title of Judicial Officer

DEC 1 7 2001
_____
Date

GOVERNMENT
EXHIBIT
A
CARDELS 800-732-0359

Defendant:   **SHIH, PETER WEAY JUNG**

Case Number:   **99-00110 -001**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**Credit for Time Served.  DEFENDANT SENTENCED TO TIME SERVED.  COUNTS 1, 2, 3 TO RUN CONCURRENTLY.**

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on  _____  to  _____

at  _____  , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By  _____

Defendant:    **SHIH, PETER WEAY JUNG**

Case Number:    **99-00110 -001**

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A    [√]    in full immediately; or

B    [ ]                         immediately, balance due (in accordance with C, D, or E); or

C    [ ]    not later than  / /           ;

D    [ ]    in installments to commence          day(s) after the date of this judgment.  In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E    [ ]    in                         installments of
             over a period of                         year(s) to commence          day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

[ ]    The defendant shall pay the cost of prosecution.

[ ]    The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prison's Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

Defendant:    **SHIH, PETER WEAY JUNG**

Case Number:    **99-00110 -001**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set on the Schedule of Payments page of this order, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals | $  300.00 | $  0.00 | $  0.00 |

☐  If applicable, restitution amount ordered pursuant to plea agreement..........    $    0.00

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $    0.00

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Page 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived.

☐ The interest requirement is waived as follows:

# RESTITUTION

☐ The determination of restitution is deferred until _/ /_        . an Amended Judgment in a Criminal Case will be entered after such a determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
|  |  |  |  |
| Totals: | $    0.00 | $    0.00 |  |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

Defendant:    **SHIH, PETER WEAY JUNG**

Case Number:    **99-00110 -001**

# STATEMENT OF REASONS
### (Not for Public Disclosure)

[✓]  The court adopts the factual findings and guideline application in the presentence report.

## OR

[ ]  The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level:    <u>12</u>

Criminal History Category:    <u>I</u>

Imprisonment Range:    <u>36</u> TO    <u>0 MONTHS</u>

Supervised Release Range:    <u>240</u> TO <u>360</u> MONTHS

Fine Range:    $   <u>3,000.00</u>   TO    $   <u>30,000.00</u>

[✓]  Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution:  $   <u>0.00</u>

[ ]  Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

[ ]  For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

[ ]  Partial restitution is ordered for the following reason(s):

[ ] The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

[ ] The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

## OR

[✓] The sentence departs from the guideline range:

[✓]  upon motion of the government, as a result of defendant's subtantial assistance.

[ ]  for the following specific reason(s):



Shih.ple

FREDERICK A. BLACK
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortes
Hagåtña, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for United States of America

**FILED**
DISTRICT COURT OF GUAM

SEP 1 6 1999

MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 99-00110 |
| Plaintiff, ) | |
| vs. ) | **PLEA AGREEMENT** |
| PETER WEAY JUNG SHIH, ) | |
| Defendant. ) | |

Pursuant to Rule 11(e)(1)(B), the United States and the defendant, PETER WEAY
JUNG SHIH, enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to three counts of an Indictment
charging him with Alien Smuggling, in violation of Title 8, United States
Code, § 1324(a)(2)(B)(ii).

2. The defendant, PETER WEAY JUNG SHIH, further agrees to fully and truthfully
cooperate with Federal law enforcement agents concerning their investigation of alien
smuggling and the importation, possession, and distribution of controlled substances and
related unlawful activities, including the disposition of profits from and assets relating to such
activities. He agrees to testify fully and truthfully before any grand juries and at any trials or
proceedings if called as a witness, subject to prosecution for perjury for not testifying
truthfully. The United States will make this cooperation known to the Court prior to the

GOVERNMENT
EXHIBIT

8

defendant's sentencing. The defendant further understands that he remains liable and subject to prosecution for any criminal schemes of which he does not fully advise the United States, or for any material omissions in this regard. In return for this cooperation, the United States agrees not to prosecute defendant for any other non-violent offenses now known to the government or which he reveals to Federal authorities.

3. The defendant, PETER WEAY JUNG SHIH, understands and agrees to forfeit the following, which were used by him to transport illegal aliens from Saipan to Guam: a Cessna 172 airplane, tail number N6230D, and a 1997 BMW automobile, Guam license plate MER 1388.

4. The defendant, PETER WEAY JUNG SHIH, further agrees to submit to a polygraph examination by any qualified Federal polygraph examiner. The defendant understands that such polygraph examinations may include, but will not be limited to, his knowledge of or involvement in alien smuggling and unlawful drug related activities, his knowledge of others' involvement in such activities, and the identification of any and all assets and conveyances acquired in whole or in part by the defendant or others through such unlawful activities or the use of such assets or conveyances to further such unlawful activities. Defendant understands that the government will rely on the polygraph in assessing whether he has been fully truthful.

5. The defendant, PETER WEAY JUNG SHIH, understands that the maximum sentence for Alien Smuggling, into a designated port of entry for financial gain, is imprisonment for ten (10) years, with a mandatory minimum term of three (3) years incarceration, a $250,000 fine, and a $100 special assessment fee, which must be paid at the time of sentencing. Any sentence imposed shall include a term of supervised release of up to three (3) years in addition to such terms of imprisonment. Defendant understands that, if at any time while he is on supervised release he violates one of its conditions, his supervised release may be revoked and he may be subject to an additional term of imprisonment. If defendant cooperates as set forth in Paragraphs 2, 3, and 4, the government will recommend

that defendant receive the statutory minimum, if applicable, or minimum term of incarceration recommended by the Sentencing Guidelines, whichever is greater. In addition, if defendant provides full, truthful, and substantial assistance to investigating federal agencies, the government will move the Court, as provided by USSG 5K.1.1, and 18 U.S.C. § 3553(e), for a downward departure from the Guidelines and the statutory minimum sentence. Defendant understands that "substantial assistance" encompasses such significant and useful assistance directed to the investigation and prosecution of the criminal activities of other persons, as is set forth by USSG 5K1.1. Defendant also understands that the decision whether to depart from the Guidelines, and the statutory minimum sentence, and to what degree, is within the discretion of the sentencing judge. The government agrees not to take a position concerning that amount of incarceration the court should impose. If defendant does not fully cooperate as set forth in Paragraphs 2, 3, and 4, the government will recommend whatever sentence of incarceration within the Guidelines range it may deem appropriate.

The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

6. The defendant understands that to establish a violation of Alien Smuggling as charged pursuant to 8 U.S.C. § 1324(a)(2)(B)(ii), the government must prove each of the following elements beyond a reasonable doubt:

> First: the defendant intentionally brought or attempted to bring aliens to the United States;
>
> Second: that these aliens did not have prior official authorization to come to, enter or reside in the United States;
>
> Third: that the defendant knew or was in reckless disregard of the fact that these aliens did not have such official authorization;

<u>Fourth</u>: that the defendant unlawfully and knowingly brought aliens from Saipan to Guam by carrying them aboard his Cessna 172 airplane;

<u>Fifth</u>: that defendant did this for the purpose of commercial advantage or private financial gain.

7. The defendant understands that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts he stipulates to herein will be used, pursuant to 1B1.2, in calculating the applicable guidelines level, even though the counts underlying this conduct may be dismissed. The Government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

a. The defendant was born May 3, 1960, and is a citizen of the United States.

b. If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing his punishment, and therefore, pursuant to § 1B1.8 of the Sentencing Guidelines, this information should not be used in determining the applicable guidelines range.

c. Defendant is the majority shareholder of Sky Cabs Inc. which owns a Cessna 172 airplane. On three separate occasions, August 15, 1999; August 21 1999; and August 23, 1999, defendant flew the airplane to Saipan and met a Chinese female, each of whom was a citizen of the People's Republic of China and each of whom defendant knew to be an alien who had no official permission to enter the United States. On two of the occasions defendant received $5,500 U.S. dollars, and on one of the occasions defendant received $5,000 U.S. dollars from an alien, all in exchange for transporting the aliens to Guam. On each occasion, defendant took the alien aboard the Cessna 172 and flew back to Guam. Defendant did not notify U.S. Immigration and Naturalization Service (INS) when he landed at the Guam International Airport, an INS designated port of entry. On each occasion, he transferred the alien to his BMW automobile and drove the alien from the airport without ever presenting her for inspection. Defendant was able to remove these aliens from a secured part of the airport by providing each alien with an airport security

- 4 -

badge (E-badge) issued by the Guam Airport Authority for his company employees.

d. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by his counsel or any other person, such discrepancies are not a basis to withdraw his guilty plea.

8. The defendant understands that this plea agreement depends on the fullness and truthfulness of his cooperation. Therefore, defendant understands and agrees that if he should fail to fulfill completely each and every one of his obligations under this plea agreement, or make material omissions or intentional misstatements or engage in criminal conduct after the entry of his plea agreement and before sentencing, the government will be free from its obligations under the plea agreement; thus defendant, in addition to standing guilty of the matters to which he has pled pursuant to this agreement, shall also be fully subject to criminal prosecution for other crimes, and for the counts which were to be dismissed. In any such prosecution, the prosecuting authorities, whether Federal, State, or Local, shall be free to use against him, without limitation, any and all information, in whatever form, that he has provided pursuant to this plea agreement or otherwise; defendant shall not assert any claim under; the United States Constitution, any statute, Rule 11(e)(6) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other provision of law, to attempt to bar such use of the information.

9. The defendant understands that his sentencing may be continued, at the sole discretion of the United States, until after the indictment and trial of any associates involved. This will also enable the Court to see the full degree of the defendant's cooperation. The defendant therefore waives any right he may have to any speedy sentencing and hereby agrees to any continuance of his sentencing date as it may become necessary.

10. The defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence imposed in this case.

11. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

b. His right to be represented by an attorney;

c. His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

e. That, upon entry of a plea of guilty, or thereafter, the Court may ask his questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

f. That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

//
//
//
//
//
//
//
//

g. The defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: **SEP 1 4 1999**

PETER WEAY JUNG SHIH
Defendant

DATED: **SEP 1 4 1999**

HOWARD TRAPP
Attorney for Defendant

FREDERICK A. BLACK
United States Attorney
Districts of Guam and CNMI

DATED: 9/15/99

By: KARON V. JOHNSON
Assistant U.S. Attorney

1 | Shih.Ind

2 | FREDERICK A. BLACK
United States Attorney
3 | KARON V. JOHNSON
Assistant U.S. Attorney
4 | Suite 500, Sirena Plaza
108 Hernan Cortes
5 | Hagåtña, Guam 96910
PHONE: 472-7332
6 | FAX:    472-7334

7 | Attorneys for the United States of America

**FILED**
DISTRICT COURT OF ~~~

SEP - 9 199~

MARY L.M. ~~~
CLERK OF COURT

8

9 | IN THE UNITED STATES DISTRICT COURT

10 | FOR THE TERRITORY OF GUAM

11

12 | UNITED STATES OF AMERICA,      )    CRIMINAL CASE NO. **99-00110**
                                  )
13 |              Plaintiff,       )    **INDICTMENT**
                                  )
14 |              vs.              )    **ALIEN SMUGGLING - THREE COUNTS**
                                  )    [8 U.S.C. § 1324(a)(2)(B)(ii)]
15 | PETER WEAY JUNG SHIH,         )
                                  )
16 |              Defendant.       )
    _____)

17

18 | THE GRAND JURY CHARGES:

19

20 | COUNT I - ALIEN SMUGGLING

21 |         On or about August 23, 1999, within the District of Guam and elsewhere, the defendant

22 | herein, PETER WEAY JUNG SHIH, knowing and in reckless disregard of the fact that an alien,

23 | Hui Li LU, had not received prior official authorization to come to, enter, or reside in the United

24 | States, did bring and attempt to bring said alien, Hui Li LU, to the United States, to-wit: the

25 | Guam International Airport, a designated port of entry, for the purpose of commercial advantage

26 | and private financial gain, all in violation of Title 8, United States Code, § 1324(a)(2)(B)(ii), and

27 | Title 18, United States Code, § 2.

28



**GOVERNMENT EXHIBIT**

COPY

COUNT II - ALIEN SMUGGLING

On or about August 21, 1999, within the District of Guam and elsewhere, the defendant herein, PETER WEAY JUNG SHIH, knowing and in reckless disregard of the fact that an alien, a female citizen of the People's Republic of China, had not received prior official authorization to come to, enter, or reside in the United States, did bring and attempt to bring said alien to the United States, to-wit: the Guam International Airport, a designated port of entry, for the purpose of commercial advantage and private financial gain, all in violation of Title 8, United States Code, § 1324(a)(2)(B)(ii), and Title 18, United States Code, § 2.

COUNT III - ALIEN SMUGGLING

On or about August 15, 1999, within the District of Guam and elsewhere, the defendant herein, PETER WEAY JUNG SHIH, knowing and in reckless disregard of the fact that an alien, a female citizen of the People's Republic of China, had not received prior official authorization to come to, enter, or reside in the United States, did bring and attempt to bring said alien to the United States, to-wit: the Guam International Airport, a designated port of entry, for the purpose of commercial advantage and private financial gain, all in violation of Title 8, United States Code, § 1324(a)(2)(B)(ii), and Title 18, United States Code, § 2.

A TRUE BILL.

_____
PHILLIP M. DENNIS
Foreperson

FREDERICK A. BLACK
United States Attorney
Districts of Guam and CNMI

By: _____
Karon V. Johnson
Assistant U.S. Attorney