LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortes Avenue
Hågatña, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for United States of America

ORIGINAL





FILED
DISTRICT COURT OF GUAM
JAN 18 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 04-00008 |
| ) | |
| ) | **UNITED STATES' SUPPLEMENTAL** |
| ) | **MOTION FOR DISQUALIFICATION** |
| ) | **OF DEFENSE COUNSEL** |
| ) | |
| ) | |
| KUANG-HUA CHEN, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The Federal Rules of Criminal Procedure treat concurrent and prior representations differently. Fed.R.Crim.P. 44(c) requires a trial court to inquire into the likelihood of conflict whenever jointly charged defendants are represented by a single attorney, but not when counsel previously represented another defendant in a substantially related matter. At a minimum the defendant in the instant proceeding must be sufficiently informed of the consequences of waiver for it to be knowing and intelligent. Belmontes v. Brown, 414 F.3d 1094, 1118 (9th Cir. 2005).

The former client may expressly waive his objection and consent to the adverse representation. Written waivers were obtained in the following successive representation cases: United States v. Shwayder, 312 F.3d 1109, 1113-14 (9th Cir. 2002)(former client signed waiver but did not authorize law firm to disclose any information subject to his attorney-client privilege); Lewis v. Mayle, 391 F.3d 989, 993 (9th Cir. 2004)(current client advised to seek independent counsel to discuss ramifications of waiver).

See also, United States v. Morando, 628 F.2d 535 (9th Cir. 1980)(in absence of waiver of attorney-client privilege, attorney's representation of defendant and witness required court to accept attorney's motion to withdraw or take steps to insure there was no conflict), and United States v. Vargas Martinez, 569 F.2d 1102, 1104 (9th Cir. 1978)(fact that prosecution witness was client of defense counsel and that witness did not waive her attorney-client privilege "presented the possibility of disclosure of confidential communications" and disqualification order was correct.

RESPECTFULLY submitted this 18th day of January 2006.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: _____
MARIVIC P. DAVID
Assistant U.S. Attorney