
FILED
DISTRICT COURT OF GUAM
JAN 1 9 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 04-00008 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| KUANG-HUA CHEN, | ) | |
| | ) | |
| Defendant. | ) | |

The United States filed a motion (dkt #25) to disqualify Defendant's counsel, Howard Trapp, due to a conflict of interest. Defense counsel objected (dkt #27).

### Background

The United States filed a superseding indictment on September 4, 2004 alleging four counts against Defendant related to methamphetamine hydrochloride. The United States has informed the Court that a material witness in its case is Peter Way Jung Shih, one of Trapp's former clients. In 2001, Shih pleaded guilty to three counts related to alien smuggling.

Six days before trial, the Government filed its motion to disqualify counsel. The Court heard oral arguments on January

17, 2006. On January 18, 2006 Defendant filed a waiver, acknowledging the situation but requesting Trapp as counsel. Defendant is of Chinese descent and does not speak English.

## Analysis

Trapp cannot continue as counsel for Defendant. There is an inherent conflict of interest that compels this Court to grant the Government's motion.

While the Sixth Amendment allows a defendant to choose defense counsel, the "essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. United States*, 486 U.S. 154, 159 (1988). Moreover as Chief Justice Rehnquist stressed, "[f]ederal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Id.* The Chief Justice further stated that district courts have "substantial latitude" to refuse waivers of conflict of interest in an effort to provide defendants effective, unfettered representation. *Id.* at 163.

Notably, Ninth Circuit case law supports the finding of a conflict here. In *Lewis v. Mayle*, the Circuit found a conflict, despite defendant's waiver, where a lawyer represented a murder defendant in succession to representing a witness in the murder

case (who was also a suspect in the case). 391 F.3d 989, 992 (9th Cir. 2004). The lawyer had represented the witness in an unrelated DUI case.

The *Lewis* Court stressed the need to "'ascertain with certainty'" that the alleged murderer knowingly and intelligently waived his right. *Id*. at 996 (citing *Lockhart v. Terhune*, 250 F.3d 1223, 1233 (9th Cir. 2001). The Court denied the defendant's waiver, questioning whether defendant "understood any of the specific ramifications of his waiver."[1] *Id*. at 996. Here, there are questions whether Defendant in the present matter truly understands the nature of his waiver—particularly where, as Chief Justice Rehnquist noted in *Wheat*, so much regarding witness testimony is unforeseen and imponderable. *Wheat* at 163.

Another facet of the *Lewis* Court's analysis is compelling and apposite. The Court highlighted the problems presented when an attorney representing one client proceeds to cross-examine a former client. The Court noted the charges that led to the former charge might provide material to impeach the current witness. *Id*. at 997. That is precisely the problem here.

Shih pleaded to three charges in 2001 related to alien smuggling and worked a deal in the process that led to his position as a confidential informant. Trapp represented Shih in

---

[1]The Court also noted that defendant did not receive the advice of independent counsel and the record in the case revealed a cursory examination by the judge. *Id.*

-3-

that case. Now Shih, via his position as a confidential informant which he attained through Trapp's representation, is a material witness against Trapp's current client, Chen.

Chen is entitled to unfettered representation by an attorney who can effectively and vigorously cross-examine Shih. Trapp is potentially unable to carry out this duty, and the measure of its meeting could only come after the fact. I do not think a waiver of conflict by Shih solves the problem. Even in the event Trapp obtains a waiver from Shih, there is the appearance of impropriety and the question of whether Chen truly comprehends the complexities of the trial process and the effect not only of his waiver of the potential conflict, but also the impact Shih's waiver may have on Trapp's willingness to effectively confront and cross-examine Shih.

Based on these facts and the cases cited, Mr. Trapp is not to proceed as counsel for Defendant. Chen is entitled to conflict free representation, representation that is entirely free of past circumstances that might hinder his Sixth Amendment rights. There is also a need to protect the appearance of judicial fairness and there is too much trouble in these waters that is unavoidable, regardless of conflict waivers. The Parties stipulated to continue resolution of this issue for ten days. However, in my analysis Shih's potential waiver of conflict with Trapp does not avoid the problem.

Accordingly, IT IS HEREBY ORDERED that the motion to

disqualify counsel is GRANTED. Defendant has fifteen days to retain new counsel.

DATED this 19th day of January, 2006.

                            Donald W. Molloy, Chief Judge
                            United States District Court