```
```

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>KUANG-HUA CHEN,<br><br>  Defendant. | CRIMINAL CASE NO. 04-00008<br><br>**AMENDED TRIAL ORDER** |

The trial in this case was previously set to commence on January 17, 2006, however, said date was later vacated upon the Government's filing of a motion to disqualify defense counsel. (Docket No. 25.) On January 19, 2006, the Court granted the Government's motion and ordered the Defendant to retain new counsel. (Docket No.33.)

On February 9, 2006, Attorney Curtis Van de veld entered his appearance in this matter for the Defendant. (Docket No. 36.)

On February 16, 2005, the parties appeared before the Court for purposes of re-setting this matter for trial. Based on his busy trial calendar and the voluminous discovery received, defense counsel stated that the earliest date he could possibly be ready to try the case would be in the third week of April 2006. The Government had no objection to counsel's request for additional time to prepare an adequate defense for the Defendant.

Accordingly, the trial in this case shall hereby commence on Monday, May 8, 2006,
///

FILED
DISTRICT COURT OF GUAM
FEB 16 2006
MARY L.M. MORAN
CLERK OF COURT

ORIGINAL

at 1:30 p.m. before the Honorable John C. Coughenour,[1] with a pretrial conference to be held on May 8, 2006, at 9:00 a.m. All pretrial motions shall be filed no later than April 17, 2006. Additionally, the following shall be filed or lodged with the Court no later than May 1, 2006:

1) Proposed jury voir dire questions;

2) An original and one copy of the exhibit list - (Government's exhibits numbered; Defendant's exhibits lettered);

3) Three complete sets of marked and tabbed exhibits in three-ring binders. A copy of the Exhibit List shall be included in each three-ring binder. The parties shall meet and confer sufficiently in advance of trial and formulate a set of joint exhibits, if possible, to eliminate duplicate exhibits. Those exhibits upon which agreement cannot be reached shall be submitted separately by each respective party;

4) Any documents to be used in the examination of witnesses, but not to be introduced into evidence, such as police reports, investigative reports or witness statements - (one copy must be lodged with the Court);

5) Proposed verdict forms;

6) An original and one copy of witness lists for purposes of voir dire only - (Witness lists shall include: legal names, aliases, nicknames, place of residence and place of employment); and

7) Proposed jury instructions - (Those jury instructions upon which an agreement cannot be reached shall be submitted in a separate packet, together with the objections and authority therefor of each party).

The period of delay between February 9, 2006, and May 8, 2006, inclusive, is hereby excluded for purposes of the Speedy Trial Act. The Court finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" based on the fact that failure to grant the continuance would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(8)(A) and (B)(iv).

DATED this 16th day of February 2006.

JOAQUIN V.E. MANIBUSAN, JR.
United States Magistrate Judge

---

[1] The Honorable John C. Coughenour, United States District Judge for the Western District of Washington, sitting by designation.