**VAN DE VELD SHIMIZU CANTO & FISHER**
De La Corte Building, Suite 101
167 East Marine Corps Drive
Hagåtña, Guam 96910
Tel.: 671.472.1131
Fax: 671.472.2
Attorneys for Defendant: KUANG HUA CHEN

# UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Criminal Case No. CR-04-00008 |
| Plaintiff, | ) |
| vs. | ) **DEFENDANT'S PROPOSED JURY** |
| | ) **INSTRUCTIONS** |
| KUANG HUA CHEN, | ) |
| Defendant. | ) |

COMES NOW Defendant KUANG HUA CHEN through his counsel Curtis C. Van

de veld, Esq., to submit Defendant's proposed jury instructions for use at trial.

DATED: this Wednesday, May 31, 2006.

**VAN DE VELD SHIMIZU CANTO & FISHER**

By: _____
Mr. Curtis C. Van de veld, Esq.
Attorney for Defendant
KUANG HUA CHEN

CCV:ccv
VSCF/K.H. CHEN

UNITED STATES OF AMERICA, Plaintiff v. KUANG HUA CHEN, Defendant
DEFENDANT'S PROPOSED JURY INSTRUCTIONS
Criminal Case No. CR-04-00008                                    Page 1

ORIGINAL

Case 1:04-cr-00008    Document 56    Filed 06/01/2006    Page 1 of 71

**PRELIMINARY INSTRUCTIONS**

## DUTY OF JURY

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you some things about your duties as jurors and to give you some instructions concerning how you should perform your duties as jurors during the trial. While the trial is in progress, I may give you other instructions on how to perform your duties as jurors. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations. I am the only person with authority to instruct you on how you should conduct yourselves as jurors and you should ignore any attempts by anyone else to tell you how to perform your duties.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be, those are matters for you to decide as jurors without concern as to how I might feel about your decision.

2

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, until such time during the trial that I instruct you differently, you are not to discuss this case – including the evidence and testimony, with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. Often times during session or during recesses, you may want to discuss the case, some piece of evidence or a witness' testimony with a fellow juror, but I instruct you now that you are not to do so. You may only discuss this case, the evidence and testimony after all the evidence has been received, I have given you final instructions and you have been sent to deliberate on your verdict. If anyone approaches you and tries to talk to you about the case, let me know about it immediately by a signed note placed in a sealed envelope and give it to the court security officer to give to me. After I have accepted your verdict in open court, you are free to discuss this case with anyone.

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note in a sealed envelope to the court security officer to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

3

# THE CHARGE—PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government. The government charges the defendant with Count I – Conspiracy To Import Methamphetamine Hydrochloride, Count II – Importation of N-N-Dimethylamphetamine Hydrochloride, Count III – Conspiracy To Distribute Methamphetamine Hydrochloride, and Count IV – Possession With Intent To Distribute N-N- Dimethylamphetamine Hydrochloride. The charges against the defendant are contained in a Superseding Indictment. The Superseding Indictment is simply a description of the charges made by the government against the defendant; it is not evidence of anything.

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes which the government must prove to make its case:

*[supply brief statement of elements of crime[s]]*.

These instructions are preliminary and the instructions I will give at the end of the case will control.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until proved guilty beyond a reasonable doubt. A defendant has the right to remain silent and never has to prove innocence or present any evidence.

4

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence; and

(3) any facts to which all the lawyers stipulate.

## WHAT IS NOT EVIDENCE

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

1. statements and arguments of the attorneys;

2. objections and responses to objections made by the attorneys and questions that are asked and not answered by the witness, whether I allow or do not allow the question to be answered by the witness;

3. testimony that I instruct you to disregard; and

4. anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

## RULING ON OBJECTIONS

There are rules of evidence which control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence which I told you to disregard.

7

## EVIDENCE FOR LIMITED PURPOSE

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

8

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact. You are to consider both direct and circumstantial evidence. The law makes no distinction between the weight to be given to direct evidence and to circumstantial evidence and permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Circumstantial evidence can be used to prove any fact, including facts from which another fact is to be inferred, and is not to be distinguished from testimonial evidence insofar as the jury's fact-finding function is concerned.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may explain the water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

# CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness's testimony;

6. the reasonableness of the witness's testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not depend on the number of witnesses who testify.

## NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

# TAKING NOTES

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the envelope in the jury room.

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

# OUTLINE OF TRIAL

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, the defendant may present evidence and counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

# JURY TO BE GUIDED BY
## OFFICIAL ENGLISH
## TRANSLATION/INTERPRETATION

Languages other than English may be used during this trial.

The evidence you are to consider is only that provided through the official court interpreters and translators. Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English interpretation and translation. You must disregard any different meaning of the non-English words.

## BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Most often these conferences will involve determination as to whether evidence is admissible under the rules of evidence. It is appropriate to take these matters up outside the presence of the jury. Should I conclude that a more prolonged discussion is necessary, I may excuse you from the courtroom.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

INSTRUCTIONS FOR USE WHEN SUCH EVENTS OCCUR

## CAUTIONARY INSTRUCTION—FIRST RECESS

We are about to take our first break during the trial and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note in a sealed envelope to the court security officer to give to me. I will not repeat these admonitions each time we recess or adjourn, but will remind you of these instructions and these instructions continue to apply to you until I instruct you differently.

## 2.3 STIPULATED TESTIMONY

The parties have agreed what [*name of witness*]'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

# STIPULATIONS OF FACT

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

## JUDICIAL NOTICE

The court has decided to accept as proved the fact that [*e.g.*, the city of San Francisco is north of the city of Los Angeles], even though no evidence has been introduced on the subject. You may, but are not required to, accept this fact as true.

## DEPOSITION AS SUBSTANTIVE EVIDENCE

When a person is unavailable to testify at trial, the deposition of that person may be used at the trial. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of HUNG CHANG YEH was taken on March 30, 2006, is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

## TRANSCRIPT OF RECORDING IN ENGLISH

You are about to listen to a tape recording that has been received in evidence. Please listen to it very carefully. Each of you has been given a transcript of the recording to help you identify speakers and as a guide to help you listen to the tape. However, bear in mind that the tape recording is the evidence, not the transcript. If you hear something different from what appears in the transcript, what you heard is controlling. After the tape has been played, the transcript will be taken from you.

## TRANSCRIPT OF RECORDING IN FOREIGN LANGUAGE

You are about to listen to a tape recording in a language other than English. Each of you has been given a transcript of the recording which has been admitted into evidence. The transcript is a translation of the foreign language tape recording.

Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation contained in the transcript and disregard any different meaning of the non-English words.

## FOREIGN LANGUAGE TESTIMONY

You are about to hear testimony of a witness who will be testifying in a language other than English. This witness will testify through the official court interpreter. Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation of the witness's testimony. You must disregard any different meaning of the non-English words.

## OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT

You are about to hear testimony that the defendant previously committed other [crimes] [wrongs] [acts] not charged here. I instruct you that the testimony is being admitted only for the limited purpose of being considered by you on the question of defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of accident] and for no other purpose.

## DISMISSAL OF SOME CHARGES AGAINST DEFENDANT

At the beginning of the trial, the court described the charges against the defendant. Since that time, the charge[s] of [*dismissed count[s]*] [has] [have] been disposed of and [is] [are] therefore no longer before you.

The defendant is on trial only for the charge[s] of [*remaining count[s]*]]. Evidence presented can only be considered as it relates to [those] [that] remaining count[s].

## LESSER INCLUDED OFFENSE

The crime of [*crime charged*] includes the lesser crime of [*lesser included crime*]. If (1) [any] [all] of you are not convinced beyond a reasonable doubt that the defendant is guilty of [*crime charged*]; and (2) all of you are convinced beyond a reasonable doubt that the defendant is guilty of the lesser crime of [*lesser included crime*], you may find the defendant guilty of [*lesser included crime*].

In order for the defendant to be found guilty of the lesser crime of [*lesser included crime*], the government must prove each of the following elements beyond a reasonable doubt:

# IMPEACHMENT, PRIOR CONVICTION OF DEFENDANT

You have heard evidence that defendant has previously been convicted of a crime. You may consider that evidence only as it may affect the defendant's believability as a witness. You may not consider a prior conviction as evidence of guilt of the crime for which the defendant is now on trial.

FINAL INSTRUCTIONS

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

## ACTIVITIES NOT CHARGED

The defendant is on trial only for the crimes charged in the indictment, not for any other activities.

# SEPARATE CONSIDERATION OF EACH CHARGE

A separate crime is charged against the defendant in each Count of the Superseding Indictment. You must decide each charge separately. Your verdict on one charge should not control your verdict on any other charge.

## EVIDENCE OF OTHER ACTS OF DEFENDANT OR ACTS AND STATEMENTS OF OTHERS

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. Your determination must be made only from the evidence in the case. The defendant is not on trial for any conduct or offense not charged in the indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to this charge against this defendant.

## CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF

The indictment is not evidence. The defendant has pleaded not guilty to the charge. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

Case 1:04-cr-00008    Document 56    Filed 06/01/2006    Page 35 of 71

# REASONABLE DOUBT—DEFINED

It is not required that the government proves that the defendant is guilty as to any charge beyond all possible doubt, only beyond a "reasonable doubt." A "reasonable doubt" is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

After you have carefully and impartially considered all of the evidence, if you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if you are convinced after you have carefully and impartially considered all the evidence that the proof of the defendant's guilt has been shown beyond a reasonable doubt, it is your duty to find the defendant guilty.

# WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Objections and responses to objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. Questions that have not been answered are not evidence. You should not be influenced by the question, any discussion of an objection, or the court's ruling on any objection.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT**

You have heard evidence of other crimes, acts, or wrongs engaged in by the defendant. You may consider that evidence only as it bears on the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, or the absence of mistake or accident and for no other purpose.

## SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

## DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

Or,

## DEFENDANT'S DECISION TO TESTIFY

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

# WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which all the lawyers have stipulated.

# CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been received into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

## JURY TO BE GUIDED BY OFFICIAL
## ENGLISH TRANSLATION/INTERPRETATION

Languages other than English have been used during this trial.

The evidence you are to consider is only that provided through the official court interpreters and translators. Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English interpretation and translation. You must disregard any different meaning of the non-English words.

# DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

# CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness's testimony;

6. the reasonableness of the witness's testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not depend on the number of witnesses who testify.

44

# STATEMENTS BY DEFENDANT

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

Case 1:04-cr-00008    Document 56    Filed 06/01/2006    Page 47 of 71

## CHARACTER OF WITNESS FOR TRUTHFULNESS

You have heard evidence of the character for truthfulness of [*name of witness*], a witness. You may consider this evidence along with other evidence in deciding whether or not to believe that witness' testimony and how much weight to give to it.

## IMPEACHMENT EVIDENCE—WITNESS

You have heard evidence that [*witness*], a witness, [*e.g.* has been convicted of a felony, lied under oath on a prior occasion, *etc.*]. You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe this witness and how much weight to give to the testimony of that witness.

## TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES – IMMUNITY, BENEFITS, ACCOMPLICE, PLEA

You have heard testimony from a witness who received immunity, benefits, compensation and/or favored treatment from the government in connection with this case. That testimony was given in exchange for that immunity, benefits, compensation and/or favored treatment. The witness admitted being an accomplice to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime. The witness may have pleaded guilty to a crime arising out of the same events for which the defendant is on trial. This guilty plea is not evidence against the defendant, and you may consider it only in determining the believability of that witness who pleaded guilty. For these reasons, in evaluating the witness's testimony, you should consider the extent to which or whether the witness's testimony may have been influenced by any of these factors. In addition, you should examine the witness's testimony with greater caution than that of other witness.

# EYEWITNESS IDENTIFICATION

In any criminal case, the government must prove beyond a reasonable doubt that the defendant was the perpetrator of the crime[s] alleged.

You have heard testimony of eyewitness identification. In deciding how much weight to give to this testimony, you may take into account the various factors mentioned in these instructions concerning credibility of witnesses.

In addition to those factors, in evaluating eyewitness identification testimony, you may also take into account:

1. the capacity and opportunity of the eyewitness to observe the offender based upon the length of time for observation and the conditions at the time of observation;

2. whether the identification was the product of the eyewitness' own recollection or was the result of subsequent influence or suggestiveness;

3. any inconsistent identifications made by the eyewitness;

4. whether the witness had known or observed the offender at earlier times; and

5. the totality of circumstances surrounding the eyewitness' identification.

# OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

# ENTRAPMENT

The government has the burden of proving beyond a reasonable doubt that the defendant was not entrapped. The government must prove the following:

1. the defendant was predisposed to commit the crime before being contacted by government agents, or

2. the defendant was not induced by the government agents to commit the crime.

Where a person, independent of and before government contact, is predisposed to commit the crime, it is not entrapment if government agents merely provide an opportunity to commit the crime.

## ENTRAPMENT DEFENSE—
## WHETHER WITNESS ACTED AS GOVERNMENT AGENT

The defendant claims he was entrapped by a government agent. Whether or not Special Agent Benjamin Yu and [cooperating suspect and others] were acting as government agents in connection with the crimes charged in this case, and if so, when those persons began acting as government agents, are questions for you to decide. In deciding those questions you should consider that, for purposes of entrapment, someone is a government agent when the government authorizes, directs, and supervises that person's activities and is aware of those activities. To be a government agent, it is not enough that someone has previously acted or been paid as an informant by other state or federal agencies, or that someone expects compensation for providing information.

In determining whether, and when, someone was acting as a government agent for purposes of this case, you must look to all of the circumstances existing at the time of that person's activities in connection with the crimes charged in this case, including but not limited to the nature of that person's relationship with the government, the purposes for which it was understood that person might act on behalf of the government, the instructions given to that person about the nature and extent of permissible activities, and what the government knew about those activities and permitted or used. This is not an exhaustive list of the factors to be considered, but provides examples of the types of factors you should consider in deciding whether and when a person was acting as a government agent when engaging in activities in connection with the crimes charged in this case.

## MERE PRESENCE

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed any of the crimes charged, unless you find that the defendant was a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

Case 1:04-cr-00008    Document 56    Filed 06/01/2006    Page 55 of 71

## PUBLIC AUTHORITY OR GOVERNMENT AUTHORIZATION DEFENSE

If a defendant engages in conduct that violates a criminal statute at the request of a government enforcement officer, with the reasonable belief that the defendant is acting as an authorized government agent to assist in law enforcement activity, then the defendant may not be convicted of violating the criminal statute, because the requisite criminal intent is lacking. The government must prove beyond a reasonable doubt that the defendant did not have a reasonable belief that the defendant was acting as an authorized government agent to assist in law enforcement activity at the time of the offense charged in the indictment.

Case 1:04-cr-00008    Document 56    Filed 06/01/2006    Page 56 of 71

# KNOWINGLY — DEFINED

An act or omission to act is done knowingly if the defendant is aware of the act and the defendant does not act or fail to act because of ignorance, mistake, or accident. The government is not required to prove that the defendant knew that the defendant knew that the acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

## INTENTIONALLY - DEFINED

A defendant acts intentionally if it is proven that the defendant desired the goal or result to happen as a direct result of the acts or omissions to act of the defendant.

# WILFULLY - DEFINED

An act is done willfully if done voluntarily and intentionally with the purpose of violating a known legal duty.

## COUNT I – CONSPIRACY - LIABILITY FOR SUBSTANTIVE OFFENSE COMMITTED BY CO-CONSPIRATOR

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find the defendant guilty of Conspiracy To Import Methamphetamine Hydrochloride as charged in Count I of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

1. a person named in Count I of the indictment committed the crime of Conspiracy To Import Methamphetamine Hydrochloride as alleged in Count I;

2. the person was a member of the conspiracy charged in Count I of the indictment;

3. the person committed the crime of Conspiracy To Import Methamphetamine Hydrochloride in furtherance of the conspiracy;

4. the defendant was a member of the same conspiracy at the time the offense charged in Count I was committed; and

5. the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

## COUNT III – CONSPIRACY - LIABILITY FOR SUBSTANTIVE OFFENSE COMMITTED BY CO-CONSPIRATOR

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find the defendant guilty of Conspiracy To Distribute Methamphetamine Hydrochloride as charged in Count III of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

1. a person named in Count I of the indictment committed the crime of Conspiracy To Distribute Methamphetamine Hydrochloride as alleged in Count III;

2. the person was a member of the conspiracy charged in Count III of the indictment;

3. the person committed the crime of Conspiracy To Distribute Methamphetamine Hydrochloride in furtherance of the conspiracy;

4. the defendant was a member of the same conspiracy at the time the offense charged in Count III was committed; and

5. the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

60

# CONSPIRACY

I shall now discuss with you briefly the law of conspiracy relating to each of Counts I and III and the elements of each count.

Before being convicted of conspiracy, an individual must conspire with at least one co-conspirator. There can be no conspiracy when the only persons with whom the defendant allegedly conspired were government agents or informers who secretly intended to frustrate the conspiracy.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes; it does not matter whether the crime agreed upon was committed. For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members. It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

Even though a defendant did not directly conspire with all the other conspirators involved in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators who were not government agents or informants to carry out at least one of the objects of the conspiracy, and,

(2) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

61

# AIDING AND ABETTING

A defendant may be found guilty of crimes charged in the second and fourth charges of the Indictment, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.

Regarding the second charge of the Indictment:

To prove a defendant guilty of aiding and abetting the commission of the offense stated in the second charge of the indictment, the government must prove beyond a reasonable doubt:

First, that the crime charged in the second charge of the Indictment was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of the crime of *Importation of N-N-Dimethylamphetamine Hydrochloride* as charged in the second charge of the Indictment; and

Third, the defendant acted before the crime charged in the second charge in the Indictment was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime charged in the second charge of the Indictment.

Regarding the fourth charge of the Indictment:

To prove a defendant guilty of aiding and abetting the commission of the offense stated in the fourth charge of the indictment, the government must prove beyond a reasonable doubt:

First, that the crime charged in the second charge of the Indictment was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of the crime of *Possession With Intent To Distribute N-N-Dimethylamphetamine Hydrochloride* as charged in the second charge of the Indictment; and

Third, the defendant acted before the crime charged in the fourth charge in the Indictment was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime charged in the fourth charge of the Indictment.

## SECOND CHARGE OF INDICTMENT
## CONTROLLED SUBSTANCE UNLAWFUL IMPORTATION
### (as a violation of 21 U.S.C. §§ 952 and 960)

The defendant is charged in the second charge of the Indictment with unlawful importation of N-N-Dimethylamphetamine Hydrochloride in violation of Sections 952(a) and 960 of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly brought N-N-Dimethylamphetamine Hydrochloride into the United States; and

Second, the defendant knew that it was N-N-Dimethylamphetamine Hydrochloride or some other prohibited drug.

# POSSESSION OF CONTROLLED SUBSTANCE WITH INTENT TO DISTRIBUTE N-N-DIMETHYLAMPHETAMINE HYDROCHLORIDE
## (21 U.S.C. § 841(a)(1))

The defendant is charged in the fourth charge in the Indictment with possession of N-N-Dimethylamphetamine Hydrochloride with intent to distribute in violation of Section 841(a)(1) and (b)of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed N-N-Dimethylamphetamine Hydrochloride; and,

Second, the defendant possessed it with the intent to deliver it to another person.

It does not matter whether the defendant knew that the substance was N-N-Dimethylamphetamine Hydrochloride. It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

# DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

## USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

## VERDICT FORM

A verdict form has been prepared for you. Any explanation of the verdict form may be given at this time. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.